412 So.2d 972 (1982)
James D. CARROLL, Appellant,
v.
STATE of Florida, Appellee.
No. ZZ-223.
District Court of Appeal of Florida, First District.
April 21, 1982.
*973 Louis O. Frost, Jr., Public Defender, David J. Busch, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.

ON MOTION FOR REHEARING GRANTED IN PART AND DENIED IN PART
PER CURIAM.
Carroll seeks rehearing and contends this Court erred in improperly enhancing his sentence of twenty years for second degree murder and in affirming the trial court's denial of youthful offender status. His motion is well taken regarding the enhancement of his sentence and rehearing is granted as to that issue. We deny, however, the motion regarding the trial court's denial of youthful offender status.
Carroll correctly asserts that enhancement and reclassification of felonies pursuant to Section 775.087(1), Florida Statutes (1979), is proper only against the crime charged, rather than the crime for which he was ultimately convicted. In this case, he was charged with first degree murder, a capital felony. He ultimately pleaded guilty to and was adjudged guilty of second degree murder, a first degree felony. Under the statute, it is not possible to enhance the crime charged, a capital felony. Therefore, the trial court's sentence of twenty years was a proper sentence in this case.
Carroll incorrectly argues, however, that he is entitled to youthful offender classification. At the plea hearing of May 15, 1980, he pleaded guilty to second degree murder in this case and pleaded nolo contendere to attempted second degree murder, a second degree felony, in another case. The trial judge adjudicated him guilty of both offenses and postponed sentencing until a later date. Therefore, at the time of sentencing, he had previously been convicted of a felony (attempted second degree murder) other than the one for which he sought sentencing as a youthful offender (second degree murder).
While not being precluded from youthful offender status by the contemporaneous conviction of two felonies, Carroll is excluded from mandatory classification as a youthful offender. State v. Goodson, 403 So.2d 1337 (Fla. 1981). Therefore, whether to grant youthful offender status to him was discretionary with the trial court. We, therefore, affirm the trial court's denial since no abuse of discretion has been shown.
This Court's opinion filed on February 9, 1982, is vacated and set aside. Rehearing is granted in part and denied in part, and the judgment and sentence is affirmed.
MILLS, WENTWORTH and THOMPSON, JJ., concur.