416 So.2d 1203 (1982)
Murrell STREETER, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1148.
District Court of Appeal of Florida, Third District.
July 13, 1982.
*1204 Bennett H. Brummer, Public Defender and Roy T. Gelber, Special Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, DANIEL S. PEARSON and FERGUSON, JJ.
*1205 DANIEL S. PEARSON, Judge.
Streeter, charged in Counts I and II with second-degree murder and attempted second-degree murder, was convicted on Count I of third-degree murder, on Count II of attempted third-degree murder, and on Counts III and IV of unlawfully and feloniously possessing a weapon during the commission of the felonies charged in Counts I and II. None of the alternative verdict forms provided to the jury on Counts I and II called for a response as to whether the crimes charged, or any lesser offenses, were committed with a weapon. The jury was, however, instructed that "[t]he punishment provided by law for each individual crime charged in Counts I and II is greater if ... the Defendant, during the commission of the crime ... attempts to use any weapons ..." and, more significantly, "should you find the Defendant guilty of the applicable crime it would be necessary for you to find on your verdict whether or not it has been proven beyond a reasonable doubt that the Defendant during the commission of the crime ... did ... attempt to use any weapon... ." The trial court obviously intended that the jury would itself write in the additional finding on the forms provided.[1] The verdicts on Counts I and II did not indicate one way or the other whether during the commission of these felonies the defendant carried, displayed, used, threatened or attempted to use a weapon. Notwithstanding the absence of such a finding in these verdicts, the trial court, pursuant to Section 775.087, Florida Statutes (1979), respectively reclassified the convictions on Counts I and II to felonies of the first and second degrees and sentenced the defendant to concurrent sentences of thirty and fifteen years on these counts.[2]
Streeter's sole contentions on appeal are that the reclassification provisions of Section 775.087 are inapplicable because the use of a weapon is an essential element of the offenses of third-degree and attempted third-degree murder; and, the constitutional counterpart, that where the use of a weapon is an essential element of the crime, an enhanced sentence arising from its use constitutes constitutionally prohibited double punishment for the same act. We reject both contentions. See Pedrera v. State, 401 So.2d 823 (Fla. 3d DCA 1981) (use of a firearm is not an essential element of third-degree murder as statutorily defined); State v. Hegstrom, 401 So.2d 1343 (Fla. 1981) (double jeopardy provision of the Fifth Amendment presents no substantive limitation on legislature's power to prescribe multiple punishments).
Our rejection of these contentions does not, however, end our labor, since if the sentences imposed on Counts I and II are illegal because in excess of the maximum allowed, there exists fundamental error, Ex parte Bosso, 41 So.2d 322 (Fla. 1949); Robbins v. State, 413 So.2d 840 (Fla. 3d DCA 1982); Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981); Williams v. State, 280 So.2d 518 (Fla. 3d DCA 1973), which is subject to our review ex mero motu, Lewis v. State, 154 Fla. 825, 19 So.2d 199 (1944), and which if patent on the record before us can be corrected on this appeal. Robbins v. State, supra; Gonzalez v. State, supra.
Under the pertinent provision of Section 775.087, a determination that during the commission of the felony the defendant carried, displayed, used, threatened or attempted to use any weapon or firearm is a predicate to reclassification. That determination, *1206 as the trial court recognized in its instruction to the jury, is one, even as the felony itself, which must be made by the jury beyond a reasonable doubt. In the present case the jury made no such determination in respect to Counts I and II. Thus, the question before us is whether the jury's verdicts on Counts III and IV that Streeter possessed a weapon during the commission of the felonies charged in Counts I and II supplied the trial court with a basis to reclassify Counts I and II. We think not.
It is axiomatic that a verdict which does not find everything that is necessary to enable the court to render judgment cannot support the judgment, Perkins v. Mayo, 92 So.2d 641 (Fla. 1957); Harris v. State, 53 Fla. 37, 43 So. 311 (1907); Paulk v. State, 376 So.2d 1213 (Fla. 3d DCA 1979). Because each count or charge in an information or indictment is considered as if it were a separate information or indictment, Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), a verdict on one count is not flawed by being inconsistent with a verdict on another count.[3]Harris v. Rivera, ___ U.S. ___, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981); Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); Dunn v. United States, supra; McCloud v. State, 335 So.2d 257 (Fla. 1976); Goodwin v. State, 157 Fla. 751, 26 So.2d 898 (1946); Courson v. State, 414 So.2d 207 (Fla. 3d DCA 1982) (1982). See Damon v. State, 397 So.2d 1224 (Fla. 3d DCA 1981). It follows that a verdict on any one count or charge, independent of the verdicts on any other count, must support the judgment and sentence of the court.
If the State seeks to have a defendant's crime upwardly reclassified and his sentence thus enhanced because a weapon was used, it is incumbent upon it to see that the verdict forms pertaining to any count susceptible to reclassification under Section 775.087 contain the required additional finding that the defendant committed the crime in a manner prohibited by the reclassification statute.
We therefore vacate the concurrent sentences of thirty years and fifteen years imposed on Counts I and II, respectively, and remand for resentencing.[4] The maximum sentences which may be imposed on these counts are, without the unjustified reclassification, fifteen and five years. Since it is obvious that it was the trial court's sentencing intent that the defendant receive a thirty-year prison term, the trial court may impose the fifteen and five-year terms consecutively. Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982). The defendant's presence at resentencing is unnecessary.
Reversed and remanded for resentencing.
NOTES
[1] The present case demonstrates that the better practice is for the trial court to give the jury a verdict form containing a written interrogatory as to whether the defendant did or did not carry, display, use, etc. a weapon.
[2] Section 775.087(1) provides in pertinent part that in the case of a conviction of a felony in the second degree [here third-degree murder, see § 782.04(4), Fla. Stat. (1979)], the felony can be reclassified to a felony of the first degree, punishable by thirty instead of fifteen years, see § 775.082(3)(b), Fla. Stat. (1979); and in the case of a conviction of a felony in the third degree [here attempted third-degree murder, see § 777.04(4), Fla. Stat. (1979)], the felony can be reclassified to a felony of the second degree, punishable by fifteen instead of five years, see § 775.082(3)(c), Fla. Stat. (1979).
[3] The only exception to the proposition that separate counts must be viewed independently is now found in the line of cases represented by Redondo v. State, 403 So.2d 954 (Fla. 1981); Mahaun v. State, 377 So.2d 1158 (Fla. 1979); and Wooten v. State, 404 So.2d 1072 (Fla. 3d DCA 1981). The exception is, as is apparent from these cases, limited to instances where what the jury fails to find in one count vitiates a guilty verdict on a separate count to the benefit of the defendant, not an instance, as here, where what the jury finds on one count is used to supply a missing element of a separate count to the detriment of a defendant. Moreover, this exception applies only where the verdicts are legally inconsistent. Here, the jury's failure to find "attempt to use" a firearm during the commission of a felony, as instructed, in Counts I and II is not legally inconsistent with its finding of "possession" of a firearm during the commission of a felony in Counts III and IV. See Pitts v. State, 400 So.2d 549 (Fla. 3d DCA 1981), review granted, (Fla. 1982); McCray v. State, 397 So.2d 1229 (Fla. 3d DCA), review granted, (Fla. 1981).
[4] Had the jury found the defendant guilty of using a weapon in Counts I and II, then we would have been required to vacate the concurrent sentences imposed on Counts III and IV under State v. Monroe, 406 So.2d 1115 (Fla. 1981).