438 So.2d 83 (1983)
Morris Lee MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 82-962.
District Court of Appeal of Florida, Fourth District.
September 7, 1983.
Rehearing Denied October 12, 1983.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellee.
*84 HURLEY, Judge.
This is a statutory construction case. It involves Section 775.087(1), Florida Statutes (1981), which, under specified circumstances, allows for reclassification of a charged felony. The precise issue is whether the defendant, convicted of a lesser included felony offense, was "charged with" the lesser included offense, thus permitting reclassification of the lesser included felony under the statute. We answer in the affirmative.
The defendant was charged in an information with second degree murder with a handgun. In its instructions, the court informed the jury that the charge of second degree murder contains several lesser included offenses. The court instructed on each of the lesser included offenses. The jury returned a verdict of guilty of attempted second degree murder.
Attempted second degree murder is a second degree felony. Sections 777.04(4)(b) and 782.04(2), Florida Statutes (1981). It carries a sentence of up to fifteen years. Section 775.082(3)(c), Florida Statutes (1981). In the case at bar, however, it was established that the defendant used a handgun during the commission of the crime. Therefore, at sentencing, the trial court reclassified attempted second degree murder from a second degree to a first degree felony. Section 775.087(1)(b), Florida Statutes (1981). This, of course, enhanced the penalty from a possible sentence of fifteen years to a possible sentence of thirty years. Section 775.082(3)(b), Florida Statutes (1981). Exercising its discretion, the court imposed a sentence of twenty years with the requirement that the defendant serve a minimum term of three calendar years. Section 775.087(2)(a), Florida Statutes (1981). On appeal, the defendant cites Carroll v. State, 412 So.2d 972 (Fla. 1st DCA 1982), for the proposition that only those offenses which are expressly charged in the information  as opposed to those offenses which are impliedly charged as lesser included offenses  may be reclassified under Section 775.087(1), Florida Statutes (1981). Carroll involved an express charge of first degree murder, a capital felony. The defendant pled guilty to second degree murder, a first degree felony. On rehearing, the First District ruled that the offense of second degree murder could not be reclassified because the defendant had been charged with a capital felony. Implicit in this ruling is the holding that the defendant had not been charged with the necessarily included lesser offense of second degree murder. Most respectfully, we disagree with this hyper-technical construction of the term "charged," because it effectively subverts the legislative policy embodied in the reclassification statute.
Section 775.087(1), Florida Statutes (1981), provides:
Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
(c) In the case of a felony of the third degree, to a felony of the second degree.
It is fundamental that a defendant may not be convicted of an offense for which he is not charged. It is also axiomatic that some offenses contain necessarily included lesser offenses and attempts. In re Standard Jury Instructions, 431 So.2d 594 (Fla. 1981); Brown v. State, 206 So.2d 377 (Fla. 1968); see also State v. Bruns, 429 So.2d 307 (Fla. 1983). Hence, a charge of the greater necessarily includes a charge of the lesser. The cases on this point are legion and require no further citation. So well-developed is the case law on this subject that we would reject out-of-hand any suggestion that a defendant could not be *85 convicted of a lesser included offense unless it were charged expressly in the information. Yet, in essence, that is what the defendant contends in this case. He claims that he was not "charged with" attempted second degree murder because it was not expressly set forth in the information.
Section 775.087(1), Florida Statutes (1981), reflects the considered response of the Legislature to the violence and tragedy which so often accompany the use of guns and other weapons in the commission of crime. To adopt the defendant's restrictive interpretation of the statute would require this court to ignore an obvious legislative policy and, at the same time, to depart from basic concepts of statutory construction. "One of the fundamental rules of construction is that the legislative intent must be ascertained and effectuated... . Where two or more interpretations can reasonably be given a statute, the one that will sustain its validity should be given and not the one that will destroy the purpose of the statute." State ex rel. Register v. Safer, 368 So.2d 620, 624 (Fla. 1st DCA 1979). We are also mindful of Justice Holmes' observation that
[t]he Legislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however indirectly, that will should be recognized and obeyed. The major premise of the conclusion expressed in a statute, the change of policy that induces the enactment, may not be set out in terms, but it is not an adequate discharge of duty for courts to say: We see what you are driving at, but you have not said it, and therefore we shall go on as before.
Johnson v. United States, 163 F. 30, 32 (1st Cir.1908) (Circuit Justice), quoted in United States v. Hutcheson, 312 U.S. 219, 235, 61 S.Ct. 463, 468, 85 L.Ed. 788 (1941).
Accordingly, we hold that the phrase "charged with a felony," as used in Section 775.087(1), encompasses felonies which are impliedly charged as necessarily included lesser offenses and attempts. Therefore, the defendant in the case at bar is subject to the operation of the statute. Consequently, the judgment and conviction are
AFFIRMED.
ANSTEAD, C.J., and DOWNEY, J., concur.