445 So.2d 1050 (1984)
Clifford Talmadge SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. AS-384.
District Court of Appeal of Florida, First District.
January 30, 1984.
As Corrected on Rehearing March 8, 1984.
*1051 Michael Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Kathryn L. Sands, Asst. Atty. Gen., for appellee.
PER CURIAM.
The defendant was tried on a charge of second degree murder and convicted of the lesser offense of manslaughter. At sentencing, the trial judge, over defense objections, announced that he found that the defendant used a firearm during the commission of the offense, reclassified the offense to a first degree felony under Section 775.087(1), Florida Statutes (1981), and sentenced the defendant to a term of twenty-five years imprisonment.
The defendant asserts on appeal that the trial court erred because: (1) reclassification under Section 775.087(1) is applicable only with respect to the crime expressly charged in the information or indictment and not to lesser included offenses; and (2) there must be a finding by the jury that the defendant used the firearm in order for reclassification to occur under Section 775.087(1).
As to the defendant's first contention, this court has already determined the question adversely to the state in Carroll v. State, 412 So.2d 972 (Fla. 1st DCA 1982). We recognize that the Fourth District has reached the opposite conclusion in Miller v. State, 438 So.2d 83 (Fla. 4th DCA 1983), and that our decisions on this point in Carroll and in this case are in direct conflict with Miller. Although we reverse on this point, we certify such conflict pursuant to Fla.App.R. 9.030(a)(2)(A)(vi). We also certify to the Florida Supreme Court the following as a question of great public importance pursuant to Fla.App.R. 9.030(a)(2)(A)(v):
DO THE RECLASSIFICATION PROVISIONS OF SECTION 775.087(1), FLORIDA STATUTES, APPLY WHERE THE DEFENDANT IS NOT CONVICTED OF THE OFFENSE EXPRESSLY CHARGED IN THE INFORMATION OR INDICTMENT BUT, INSTEAD, IS CONVICTED OF A LESSER INCLUDED OFFENSE?
On the second point, the defendant asserts that the trial judge was not at liberty to reclassify the offense absent the jury's express finding that the defendant used a firearm, the verdict reflecting no such finding. We agree with the defendant's position and adopt the reasoning of the court in Streeter v. State, 416 So.2d 1203 (Fla. 3rd DCA 1982). Accord Overfelt v. State, 434 So.2d 945 (Fla. 4th DCA 1983). We, therefore, reverse on this point as well.
The judgment reflecting conviction of a first degree felony and the sentence are vacated and this cause is remanded for the entry of a new judgment and sentence consistent with this opinion.
Reversed and Remanded.
SMITH, WIGGINTON and NIMMONS, JJ., concur.