PER CURIAM.
We adopt the rationale of Miller v. State, 438 So.2d 83 (Fla. 4th DCA 1983) and hold that for the purpose of the reclassification statute,[1] which enhances a felony by one degree where a firearm is used, a defendant charged with murder by use of a firearm is also charged with lesser included felonies of the murder charge. We accordingly reject both Smith v. State, 445 So.2d 1050 (Fla. 1st DCA 1984) and Carroll v. State, 412 So.2d 972 (Fla. 1st DCA 1982) which hold that the reclassification statute has no application where a defendant is not convicted of the felony specified in the charging document but is instead convicted of committing with a firearm any lesser included offense.
Affirmed.

. Section 775.087(1), Florida Statutes (1983), provides:
Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
(c) In the case of a felony of the third degree, to a felony of the second degree. [e.s.]