450 So.2d 1242 (1984)
Michael Marian MASKARON, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICAL EXAMINERS, Appellee.
No. 83-2348.
District Court of Appeal of Florida, Second District.
June 6, 1984.
*1243 Paul B. Johnson of Johnson, Paniello & Hayes, Tampa, for appellant.
Joseph W. Lawrence, II, Chief Attorney, Department of Professional Regulation, Tallahassee, for appellee.
GRIMES, Acting Chief Judge.
Appellant seeks review of an order of the Board of Medical Examiners suspending him from the practice of medicine for one year and placing him on probation for five years thereafter.
The Department of Professional Regulation filed an administrative complaint against Dr. Maskaron seeking to "suspend, revoke or otherwise take disciplinary action" against him. The complaint generally alleged that Dr. Maskaron had injected himself with drugs on three occasions in an effort to commit suicide, thereby violating statutory prohibitions against the administration of drugs. The complaint further alleged that he was unable to practice medicine with reasonable skill and safety by reason of his use of narcotics or as a result of his mental or physical condition. Finally, the complaint alleged that Dr. Maskaron had falsified his application for a Florida medical license by denying that he had ever been treated for mental illness.
Pursuant to section 120.57, Florida Statutes (1981), Dr. Maskaron made a written election for formal proceedings. Thereafter, the department filed a motion requesting the Division of Administrative Hearings to relinquish jurisdiction of the matter to the Board of Medical Examiners for the purpose of conducting an informal proceeding. The motion recited in pertinent part:
2. By telephone conversations, counsels for the parties have concluded that there are no disputed issues of fact and the parties wish to resolve this matter in an informal proceeding pursuant to Section 120.57(2), Florida Statutes, wherein the Respondent would be offering mitigating circumstances. Counsel for Respondent has indicated her concurrence with this Motion.
... .
4. Petitioner, based upon the foregoing, will recommend as disposition of this matter before the Board of Medical Examiners that the Respondent's license to practice medicine be placed on probation under such terms and conditions as shall be enumerated by the Board, and that no active publication of this action be made.
5. As such, the need for a formal proceeding is no longer present.
In response to the motion to relinquish jurisdiction, Dr. Maskaron's lawyer wrote the department's attorney seeking assurance "that whatever action is taken by the board, does not in reality end up proving to be the equivalent of a suspension."
The parties then appeared before the Board of Medical Examiners. The department's attorney recommended probation and no active publication of the probationary status. The attorney for Dr. Maskaron argued for a reprimand. The board members, *1244 however, expressed serious concern over the charge that Dr. Maskaron had falsified his medical application. They voted to suspend his license for a year followed by five years of probation. Dr. Maskaron, through a new attorney, moved to set aside the action of the board and requested a formal hearing. The board refused to vacate its previous order and declined to enter a stay pending appeal.
On appeal Dr. Maskaron's attorney makes a number of due process arguments. Suffice it to say, we find it necessary to reverse the order of suspension because the action taken at the informal proceeding was more severe than the action proposed in the motion to relinquish jurisdiction.
Section 120.57, Florida Statutes (1981), provides that unless waived by the parties, formal proceedings shall be conducted before a hearing officer whenever a matter involves a disputed issue of material fact. Unless otherwise agreed, all other cases are to be conducted as informal proceedings. Section 120.57(2)(a) provides:
(2) INFORMAL PROCEEDINGS.  In cases to which subsection (1) does not apply:
(a) The agency shall, in accordance with its rules of procedure:
1. Give reasonable notice to affected persons or parties of the agency's action, whether proposed or already taken, or of its decision to refuse action, together with a summary of the factual, legal, and policy grounds therefor.
2. Give affected persons or parties or their counsel an opportunity, at a convenient time and place, to present to the agency or hearing officer written or oral evidence in opposition to the agency's action or refusal to act, or a written statement challenging the grounds upon which the agency has chosen to justify its action or inaction.
3. If the objections of the persons or parties are overruled, provide a written explanation within 7 days.
Thus, it appears that the primary purpose of an informal proceeding is to provide a simplified method for disposing of a less serious or an uncontested matter.
Dr. Maskaron originally asserted that there were disputed issues of fact and elected to have a formal proceeding. Thereafter, his lawyer negotiated with the department's attorney for disposal of the matter in an informal proceeding, at which the department would recommend probation and Dr. Maskaron would argue for a reprimand. On this basis, Dr. Maskaron waived his election for a formal proceeding and agreed to proceed to an informal proceeding. Later, the board perceived the charges as more serious and voted for a suspension.
We do not suggest that the board was obligated to follow the recommendation of the department's attorney. However, the only notice of the action proposed to be taken at the informal proceeding was that which was recited in the department's motion to relinquish jurisdiction. Obviously, Dr. Maskaron only agreed to have an informal proceeding because he understood that probation would constitute the most severe punishment imposed. Therefore, the board could not invoke a more serious punishment without (1) either promulgating a new notice for an informal proceeding to which Dr. Maskaron would have to agree that there were no disputed issues of fact, or (2) starting again the process of a formal proceeding.
The department's contention that Dr. Maskaron knew that his license could be suspended because of the allegations of the administrative complaint ignores the statutory requirement for notice of the action proposed to be taken at an informal proceeding. Dr. Maskaron was put on notice that the severest form of action that could occur at the informal proceeding was probation. Therefore, the board could not order his suspension at that hearing.
The department also argues that notwithstanding the deficiencies in notice, there were no disputed issues of fact and Dr. Maskaron had a fair hearing because at the informal proceeding his attorney was permitted to fully argue his position. Of *1245 course, the department cannot unilaterally decide that there are no disputed issues of fact. Moreover, Dr. Maskaron's attorney cannot be faulted for failing to bring witnesses to the informal proceeding because of the contemplated nature of the hearing. Dr. Maskaron did bring his psychiatrist to the hearing on the motion to vacate, but the board declined to permit him to testify. To sustain Dr. Maskaron's suspension under these circumstances would violate basic principles of due process.
The order of suspension is reversed, and the case is remanded for further proceedings.
SCHEB and LEHAN, JJ., concur.