CAMPBELL, Judge.
Appellant, Larry Hodge McCullough, appeals his sentence for attempted manslaughter with a firearm and dealing in stolen property.
Appellant argues on appeal that the trial court erred in reclassifying attempted manslaughter from a third degree felony to a *493 second degree felony for use of a firearm since section 775.087, Florida Statutes (1979) only applies to the charged offense and not to lesser included offenses. We disagree and affirm.
Appellant was charged by information with attempted first degree murder with a firearm, aggravated assault, resisting arrest with force and violence, and dealing in stolen property. The trial court reduced the original charge of attempted first degree murder to attempted second degree murder. Appellant was tried by jury and found guilty of attempted manslaughter with a firearm and dealing in stolen property. The court concluded that aggravated assault was a lesser included offense of attempted manslaughter, and dismissed the charge. The court further ruled that the attempted manslaughter was enhanced from a third degree felony to a second degree felony due to the use of a firearm. Appellant was sentenced to concurrent seven-year terms for each offense.
Appellant argues that this court should apply Carroll v. State, 412 So.2d 972 (Fla. 1st DCA 1982) to the case at bar. The court in Carroll held that enhancement and reclassification of felonies pursuant to section 775.087(1) is proper only against the crime charged, rather than the crime for which the defendant is ultimately convicted. Id. at 973.
We reject the holding in Carroll and adopt the reasoning in Miller v. State, 438 So.2d 83 (Fla. 4th DCA 1983). See also Trenary v. State, 423 So.2d 458 (Fla. 2d DCA 1982). In so doing, we are in conflict with the first district. In Miller, the defendant was charged by information with second degree murder and convicted of attempted second degree murder. His sentence was enhanced for use of a firearm during the crime. On appeal, the court held that “charged” not only encompasses the offenses actually charged in the charging document, but also includes attempts and lesser included offenses which could be supported by the accusatory pleading.
In the case sub judice, the trial court did not err in enhancing appellant’s sentence for attempted manslaughter pursuant to section 775.087(1), Florida Statutes (1979) from a third degree felony to a second degree felony since a firearm was used in the commission of the crime. Therefore, the judgment of the trial court is affirmed on the authority of Miller.
HOBSON, A.C.J., and SCHOONOVER, J., concur.