455 So.2d 588 (1984)
Timothy Ted COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. AR-462.
District Court of Appeal of Florida, First District.
September 5, 1984.
Timothy Ted Cooper, pro se.
No appearance for appellee.
Before ERVIN, C.J., and MILLS, BOOTH, SMITH, SHIVERS, WENTWORTH, JOANOS, THOMPSON, WIGGINTON, NIMMONS, ZEHMER and BARFIELD, JJ.

OPINION
BARFIELD, Judge.
Timothy Ted Cooper appeals his convictions for two counts of attempted second degree murder. Eight of the ten issues raised by Cooper are without merit. The remaining two issues concern the imposition of consecutive mandatory three year minimum sentences, which we reverse, and the reclassification of attempted second degree murder with a firearm from a second *589 degree felony to a first degree felony, which we affirm.
In this case the imposition of two consecutive three year minimum sentences under section 775.087, Florida Statutes (1983) is clearly precluded by Palmer v. State, 438 So.2d 1 (Fla. 1983). The sentence of the trial court is reversed and the minimum terms of three years imprisonment as to each count shall run concurrently.
The defendant was charged with two counts of attempted first degree murder with a firearm, each a life felony by reclassification under section 775.087(1)(a), Florida Statutes (1983). The defendant was convicted under each count of the lesser included offense of attempted second degree murder, a first degree felony by reclassification under section 775.087(1)(b), Florida Statutes (1983). We affirm the trial court's holding that the offenses are first degree felonies and recede from this court's holdings in Carroll v. State, 412 So.2d 972 (Fla. 1st DCA 1982) and Smith v. State, 445 So.2d 1050 (Fla. 1st DCA 1984).
All necessarily included offenses and lesser included offenses are "charged" within the meaning of section 775.087. This is a concept of fundamental fairness in the criminal accusatorial process that is so well-established that the necessity for citation of authority has long ago been abandoned. No person shall be convicted of an offense with which he has not been charged. Robinson v. State, 69 Fla. 521, 68 So. 649 (1915). Therefore, lesser included offenses must be "charged" or convictions for such offenses would be invalid. Likewise, the concept is supported by the rule that no person, once acquitted of an offense, may be tried on a subsequent charge of a lesser included offense stemming from the offense originally charged. Hand v. State, 199 So.2d 100 (Fla. 1967). Such concepts are the predicate for instructions by the trial court on lesser included offenses. Brown v. State, 206 So.2d 377 (Fla. 1968).
We are aware of the decisions in Miller v. State, 438 So.2d 83 (Fla. 4th DCA 1983) and Hayden v. State, 450 So.2d 1242 (Fla. 3d DCA 1984), the results of which are consistent with this opinion, but we are critical of the commingling of the terms "reclassification" and "enhancement". It may be of some benefit for the court to distinguish between "enhancement" of penalty laws and "reclassification" of offense laws. Admittedly, in some instances such a distinction may be without a difference in its practical effect, but the legislature has chosen to make a distinction. Enhancement is commonly associated with the province of the judge in sentencing, as in the case of habitual offenders, section 775.084, and the wearing of a mask, section 775.0845. Reclassification speaks to the degree of the crime charged, and in the metaphysical legislative application, appears to attach at the time the indictment or information is filed and not at the time a conviction is obtained. Section 775.081 "classifies" felonies. Section 775.087(1) "reclassifies" all felonies with specified exceptions when certain conditions attend to the commission of the crimes.
This court considered the decision in Miller v. State, supra, in its opinion in Smith v. State, supra, and we continue to recognize the importance of the issue which led to prior conflict with our colleagues and our present reversal of our earlier rulings. We certify to the Florida Supreme Court the following question as one of great public importance pursuant to Fla.App.R. 9.030(a)(2)(A)(v):
Do the reclassification provisions of Section 775.087(1), Florida Statutes, apply where the defendant is not convicted of the offense expressly charged in the information or indictment but, instead, is convicted of a lesser included offense?
REVERSED in part and AFFIRMED in part.
BOOTH, SHIVERS, WENTWORTH, JOANOS, THOMPSON, WIGGINTON and NIMMONS, JJ., concur.
MILLS, J., specially concurs with opinion.
ERVIN, SMITH and ZEHMER, JJ., concur with Mills' opinion.
*590 MILLS, Judge, concurring specially:
Although I agree with the results reached in Cooper, I do not agree that enbanc consideration was necessary. In my judgment, the en banc consideration of this case was unwarranted and was an unnecessary waste of judicial time.
Neither party sought review of this Court's decision in the Carroll case. The defendant sought review of the Fourth District Court of Appeal's decision in the Miller case and the Supreme Court will hear oral argument on 7 September. This court adhered to Carroll in its Smith decision but certified conflict with Miller and certified the following question as one of great public importance:
DO THE RECLASSIFICATION PROVISIONS OF SECTION 775.087(1), FLORIDA STATUTES, APPLY WHERE THE DEFENDANT IS NOT CONVICTED OF THE OFFENSE EXPRESSLY CHARGED IN THE INFORMATION OR INDICTMENT BUT, INSTEAD, IS CONVICTED OF A LESSER INCLUDED OFFENSE?
The Supreme Court accepted jurisdiction.
This Court took proper action in the Smith case and the Supreme Court now has jurisdiction to resolve the conflict between Carroll and Smith and Miller. It is the appropriate jurisdiction to resolve this conflict.
It was a waste of judicial time for this Court to en banc Cooper when it had already taken appropriate action in Smith.
The ultimate decision in Carroll was based on the defendant's motion for rehearing. The State did not favor the Court with a response to the motion for rehearing. Under the circumstances, the result reached in Carroll was a reasonable construction of Section 775.087, and, obviously, the State agreed with this construction because it did not seek review of Carroll by the Supreme Court.
Having had the benefit of arguments by Cooper, the State and Judges of this Court, I now agree that the Cooper construction of Section 775.087 is more logical but because the Supreme Court already has jurisdiction to resolve the conflict between Carroll and Smith and Miller, it was an unwarranted and unnecessary act for this Court to en banc Cooper. We should be utilizing our time to resolve other cases of merit which require expeditious disposition.