460 So.2d 373 (1984)
Morris Lee MILLER, Petitioner,
v.
STATE of Florida, Respondent.
No. 64505.
Supreme Court of Florida.
December 6, 1984.
*374 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., and Sharon Lee Stedman and Penny H. Brill, Asst. Attys. Gen., West Palm Beach, for respondent.
ALDERMAN, Justice.
We review the decision of the District Court of Appeal, Fourth District, in Miller v. State, 438 So.2d 83 (Fla. 4th DCA 1983), which directly expressly conflicts with Carroll v. State, 412 So.2d 972 (Fla. 1st DCA 1982). Since our acceptance of jurisdiction in the present case on the basis of conflict, the First District, in an en banc opinion, has expressly receded from its holding in Carroll. Cooper v. State, 455 So.2d 588 (Fla. 1st DCA 1984).
Miller was charged with second-degree murder in that he killed another by shooting him with a handgun. The jury was instructed as to lesser included offenses and returned a verdict of attempted second-degree murder which is a second-degree felony punishable by a term of imprisonment not to exceed fifteen years. Because it was established that Miller had used a handgun during the commission of the crime, the trial court, at sentencing, reclassified attempted second-degree murder from a second-degree felony to a first-degree felony pursuant to section 775.087(1)(b), Florida Statutes (1981), thereby enhancing the penalty from a possible sentence of fifteen years to a possible sentence of thirty years. The trial court then sentenced him to twenty years with the requirement of a minimum mandatory sentence of three years.
He appealed to the Fourth District and argued that only those offenses which are expressly charged in the information, as opposed to those offenses impliedly charged as a lesser included offense, may be reclassified pursuant to section 775.087(1). The Fourth District disagreed with his contention and affirmed the trial court. It held that the phrase "charged with a felony," used in section 775.087(1), encompasses felonies which are impliedly charged as necessarily included lesser offenses and attempts and that, therefore, Miller was subject to the operation of this statute.
Section 775.087(1), Florida Statutes (1981), provides in pertinent part:
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows: ...
The issue before us is whether the reclassification provisions of section 775.087(1), Florida Statutes (1981), apply where the defendant is not convicted of the offense expressly charged in the information or indictment but instead is convicted of a lesser included offense.
The Fourth District held that the reclassification provisions do apply in this situation and affirmed the trial court. We agree and approve the decision of the district court.
It is so ordered.
BOYD, C.J., and ADKINS, McDONALD, EHRLICH and SHAW, JJ., concur.
OVERTON, J., concurs specially with an opinion.
*375 OVERTON, Justice, specially concurring.
I concur with the majority that reclassification applies where the record clearly establishes that the defendant used a handgun while committing the crime for which he was convicted. I would note, however, that reclassification under this statute is not always applicable when a defendant is found guilty of a lesser included offense. For example, reclassification would be inappropriate when a defendant is charged with burglary with a dangerous weapon and is convicted of the lesser included offense of burglary, since the lesser included burglary conviction necessarily excludes the commission of that offense with a dangerous weapon.