SHIVERS, Judge.
Appellant appeals a sentence imposed by the trial court. After having relinquished jurisdiction to the trial court for clarification of its sentence, we affirm the sentence imposed.
The appellant, defendant below, was originally charged by information with attempted first-degree murder with a firearm. After a jury trial he was found guilty of the lesser included offense of attempted second-degree murder with a firearm. Prior to the sentencing hearing, a sentencing guidelines scoresheet was prepared scoring the primary offense at conviction as a first-degree felony. The score-sheet reflected a total of 157 points and a recommended range of 7 to 12 years.
Appellant objected, by way of a letter to the trial judge, to the apparent reclassification of the second-degree felony to a first-degree felony. At sentencing, the trial court indicated that he would not reclassify the offense to a first-degree felony as the case law in effect at the time precluded him from doing so. At the conclusion of the hearing appellant was sentenced to 7 years.
Despite the court’s statement that it would not reclassify the offense, the sentencing guidelines scoresheet made a part of the record on appeal indicates that the offense was scored as a first-degree felony. As a 7-year sentence was imposed, it is impossible to determine whether the trial court sentenced appellant to the maximum number of years under the 3 to 7 year recommended range (scoring the offense as a second-degree felony) or to the minimum number of years under the 7 to 12 year recommended range (scoring the offense as a first-degree felony). Therefore, the appellant argues on appeal that (1) at the very least the sentence is in need of clarification, and (2) reclassification is improper in the instant case.
We agree with appellant’s first point. After relinquishing jurisdiction to the circuit court for clarification, that court ordered that the sentence imposed on defendant/appellant be classified as a second-degree felony and that it remain as imposed. We also agree with appellant’s second argument. In Smith v. State, 445 So.2d 1050 (Fla. 1st DCA 1984), this court held that section 775.087(l)(b), Florida Statutes, is applicable only to the crime charged and not to lesser-included offenses. The Smith decision followed this court’s earlier holding in Carroll v. State, 412 So.2d 972 (Fla. 1st DCA 1982) but noted a direct conflict with Miller v. State, 438 So.2d 83 (Fla. 4th DCA 1983) and certified the conflict to the supreme court. In September 1984 this court, sitting en banc, receded from Carroll and Smith and adopted the reasoning of the Fourth DCA in Miller. Although the issue is now controlled by Cooper v. State, 455 So.2d 588 (Fla. 1st DCA 1984), that decision was released three and one half months after appellant was sentenced. Thus, the trial court was correct in stating that the case law in effect at the time of the hearing precluded him from reclassifying appellant’s offense.
Accordingly, the seven year sentence imposed by the trial court is AFFIRMED.
ERVIN, C.J., and JOANOS, J., concur.