HERSEY, Chief Judge.
Appellant was charged with two counts of attempted first degree murder with a firearm and one count of shooting into an occupied vehicle.
The jury returned a verdict form finding appellant guilty of the lesser included offense of attempted second degree murder under Counts I and II, and guilty as charged of shooting into an occupied vehicle under Count III. The trial court, pursuant to section 775.087(2), Florida Statutes (1981), imposed three-year mandatory minimum sentences for each of the above counts. Appellant argues that this was error since the jury did not specifically find that appellant used a firearm in Counts I and II.
Section 775.087(1), Florida Statutes, provides that when a person commits a felony with a firearm (except those in which use of a firearm is an essential element) his sentence shall be reclassified one category higher. Section 775.087(2), Florida Statutes, provides that any person who is convicted of an attempt to commit murder with a firearm shall be sentenced to a mandatory minimum term of three years.
The first question — whether the above statutes are mutually exclusive — was decided in State v. Whitehead, 472 So.2d 730 (Fla.1985). In that case appellant was convicted of second degree murder with a firearm. The district court held that reclassification of the offense to one category higher, together with the imposition of the three-year mandatory minimum, constituted impermissible double enhancement. The Florida Supreme Court disagreed since it found “nothing in the statute to indicate that the legislature intended that subsections (1) and (2) be mutually exclusive.” Id. at 732.
The trial court fell into error, however, when it enhanced the convictions on Counts I and II and imposed mandatory minimum sentences for each of those convictions. It is well established that these sentencing devices are applicable only where the jury makes a specific finding of use of a firearm unless such use is an essential element of the crime to which the conviction pertains. State v. Overfelt, 457 So.2d 1385 (Fla.1984). It is not sufficient that the jury also con *948 victed appellant on Count III of an offense involving the use of a firearm. Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982).
We therefore reverse and remand for resentencing on Counts I and II. We affirm the sentence on Count III.
REVERSED AND REMANDED.
DOWNEY and GLICKSTEIN, JJ„ concur.