ORFINGER, Judge.
Charged with the crime of attempted first degree murder by “stabbing [the victim] with a knife,” the defendant was convicted by a jury of “the lesser included offense of attempted second degree murder.” The defendant contends that the court erroneously reclassified the crime for which he was convicted from a second degree to a first degree felony. We agree, and remand the case for resentencing.
Section 775.087(l)(b) provides:
Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
* * * , * * #
(b) In the case of a felony of the second degree, to a felony of the first degree.
In State v. Overfelt, 457 So.2d 1385 (Fla.1984) the supreme court held that before the trial court may reclassify the crime for use of a firearm, the jury must either find defendant guilty of a crime which involves a firearm or answer a specific question on a special verdict form reflecting that finding. See also Henry v. State, 483 So.2d 860 (Fla. 5th DCA 1986).
In its verdict on the attempted murder count, the jury made no specific finding that a weapon had been used. Although the jury found defendant guilty in a separate count of possession of a weapon in the commission of a felony, that finding cannot be used to supply the missing ingredient in the attempted murder count. See Famiglietti v. State, 481 So.2d 947 (Fla. 4th DCA 1985); Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982).
The State relies on Miller v. State, 460 So.2d 373 (Fla.1984) as supporting the enhancement in this case. In Miller, decided very shortly after Overfelt, the issue presented was whether the reclassification statute applies where “a defendant is not convicted of the offense expressly charged in the information or indictment, but instead is convicted of a lesser included offense.” In holding that the reclassification statute does apply in such event, the court did not refer to Overfelt, nor discuss the requirement that a special finding was necessary to support such reclassification. Nothing in Miller retreats from or otherwise affects the holding in Overfelt. Cooper v. State, 455 So.2d 588 (Fla. 1st DCA 1984), decided before Overfelt, addresses only the issue of reclassification when a defendant is convicted of a lesser included offense, and does not address the issue of whether or not the jury must make a finding that a defendant used or carried a *1188 weapon or firearm in committing that offense.
On the other hand, Famiglietti and Streeter both address the specific issue which confronts us here, and we agree with the conclusions there, and so hold, that although the reclassification statute may be applied where a defendant is convicted of a lesser included offense of the offense charged, the jury must make a specific finding that the defendant committed the crime in a manner which the reclassification statute addresses. As the court noted in Streeter,
If the State seeks to have a defendant’s crime upwardly reclassified and his sentence thus enhanced because a weapon was used, it is incumbent upon it to see that the verdict forms pertaining to any count susceptible to reclassification under Section 775.087 contain the required additional finding that the defendant committed the crime in a manner prohibited by the reclassification statute.
416 So.2d at 1206.
We vacate the sentence on the conviction for attempted second degree murder. Because the erroneous scoring of that conviction as a first degree felony affects the recommended guideline sanction for that offense as well as for the additional offenses at conviction, we also vacate the sentences for the additional offenses and remand the case with directions that a new guidelines scoresheet be prepared indicating the conviction for attempted second degree murder as a second degree felony, and resentencing defendant on all counts accordingly.
Sentences VACATED and REMANDED.
SHARP, C.J. and COWART, J., concur.