FULMER, Judge.
The State of Florida appeals the trial court’s refusal to reclassify the conviction of Carol Hobbs Gray to a first degree felony pursuant to section 775.087(l)(b), Florida Statutes (1991). We reverse, vacate the sentence and remand with instructions to reclassify the conviction to a first degree felony and sentence accordingly.
Gray was charged with attempted murder in the first degree and shooting into a building.[1] She was convicted by a jury of the *106 lesser included offense of attempted murder in the second degree and shooting into a building as charged. At the sentencing hearing, the prosecutor asserted that Gray’s conviction for attempted murder in the second degree with a firearm must be reclassified pursuant to the mandatory provisions of section 775.087(1), Florida Statutes (1991), to a first degree felony. Gray responded that reclassification of crimes can only occur at the time the defendant is charged by the charging document. The trial court agreed and refused to reclassify Gray’s conviction to a first degree felony.
In Miller v. State, 460 So.2d 373, 374 (Fla.1984), the Florida Supreme Court expressly rejected the argument that section 775.-087(1), Florida Statutes (1991), applies only to the offense charged in the information. The court held that the reclassification provisions may apply where the defendant is convicted of a lesser included offense rather than the offense expressly charged. Miller, 460 So.2d at 374.
Accordingly, the judgment is reversed, the sentence is vacated and the case is remanded with instructions to reclassify the conviction to a first degree felony and impose sentence accordingly.
FRANK, C.J., and SCHOONOVER, J., concur.

. §§ 782.04, and 790.19, Fla.Stat. (1991).