448 So.2d 1240 (1984)
Alan Joseph STINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1616.
District Court of Appeal of Florida, Fifth District.
April 26, 1984.
*1241 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant contends by this appeal that his conviction should be reversed because the trial court, in accepting his nolo plea, failed to determine whether he acknowledged his guilt or whether he acknowledged that the plea was in his best interest. See Fla.R.Crim.P. 3.170(j), 3.172(d). The record reveals that after hearing his sentence, appellant became unhappy with his plea and asked if he could "take it back." The trial court responded that it would consider a proper motion, but instead appellant proceeded to file this appeal. We dismiss the appeal.
Appellant's proper course of action was to file a motion to withdraw in the trial court, pursuant to Florida Rule of Criminal Procedure 3.850. Any adverse ruling on such motion may then be appealed to this court. See, e.g., Adams v. State, 443 So.2d 436 (Fla. 5th DCA 1984); Skinner v. State, 399 So.2d 1064 (Fla. 5th DCA 1981).
DISMISSED.
DAUKSCH, J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
If the issue in this case was the proper procedural mode to allow a defendant to withdraw his nolo contendere plea or guilty plea, I would agree with the majority. However, what is at stake in this case is whether the trial court erred in accepting Stinson's nolo contendere plea in the first place.
The record shows Stinson did not acknowledge either his guilt, or that the plea was in his best interest. Most critically, Stinson's testimony at the plea hearing shows he may have had a defense to the charge of uttering a forged bill. He testified he was given the bill by a third person, and did not realize it was counterfeit when he attempted to purchase a soda with it.
Florida Rule of Criminal Procedure 3.172(d) provides:
Before the trial court accepts the guilty or nolo contendere plea, he must determine that the defendant either (1) acknowledges his guilt, or (2) acknowledges that he feels the plea would be in his best interest, while maintaining his innocence.
Failure to comply with rule 3.172(d) may be raised as error on direct appeal. See State v. Kendrick, 336 So.2d 353 (Fla. 1976); State v. Lyles, 316 So.2d 277 (Fla. 1975); Williams v. State, 316 So.2d 267 (Fla. 1975); Hall v. State, 309 So.2d 226 (Fla. 2d DCA 1975). Further, our supreme court has held that accepting a plea where there is an insufficient basis in the record and where an uncountered defense may exist is an error of constitutional magnitude. See Williams. In such a case the district court should remand the matter to the trial court to take further testimony in order to support the plea or reject it. Kendrick; Lyles.