489 So.2d 794 (1986)
Rigoberto MONTOYA, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-2120.
District Court of Appeal of Florida, Third District.
May 20, 1986.
Rehearing Denied June 27, 1986.
*795 Rigoberto Montoya, in pro. per.
Jim Smith, Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and BASKIN, JJ.
BASKIN, Judge.
Montoya appeals from his convictions of and sentences for Attempted Second Degree Murder with a Firearm and Unlawful Possession of a Firearm While Engaged in a Criminal Offense. The assistant public defender appointed to represent Montoya filed a motion and brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), requesting leave to withdraw as counsel on the basis that the appeal lacks merit. On consideration of the motion to withdraw, this court withheld ruling, ordered counsel to furnish Montoya a copy of the memorandum brief, and allowed Montoya thirty days in which to file a statement of points for this court to consider. Montoya filed a brief raising three issues. Although we find no merit in the issues raised by Montoya and grant the assistant public defender's motion to withdraw, we briefly address each point raised.
First, Montoya asserts that the evidence was insufficient to convict him. We disagree. A review of the record reveals that the evidence before the jury was conflicting. It is the jury's function to assess and evaluate the credibility of the witnesses. Rodriguez v. State, 436 So.2d 219 (Fla. 3d DCA 1983), review denied, 447 So.2d 888 (Fla. 1984). Where, as here, the jury verdict is supported by substantial competent evidence, the determination will not be disturbed on appeal. Toole v. State, 472 So.2d 1174, 1176 (Fla. 1985); Heiney v. State, 447 So.2d 210, 212 (Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Tibbs v. State, 397 So.2d 1120, 1123 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
Second, Montoya argues that the trial court erred in failing to instruct the jury on the lesser included offense of third degree murder. The record reveals that Montoya failed to request an instruction on third degree murder; thus, Montoya waived his entitlement to such an instruction. Jones v. State, 484 So.2d 577 (Fla. 1986); Weyrick v. State, 485 So.2d 901 (Fla. 4th DCA 1986).
Third, Montoya argues that his sentence exceeds the recommended guidelines. We disagree. Montoya was convicted of attempted second degree murder with a firearm. Second degree murder is a first degree felony. § 782.04(2), Fla. Stat. (1983). Although Montoya correctly asserts that an attempt reduces the offense to a second degree felony, § 777.04(4)(b), Fla. Stat. (1983), Montoya overlooks the statutory reclassification of the offense to a first degree felony based on the use of a firearm. § 775.087(1)(b), Fla. Stat. (1983). Thus, the sentence imposed fell within the sentencing guidelines.
*796 For these reasons we affirm the convictions and sentences.
Affirmed.