525 So.2d 964 (1988)
Willie Clyde JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-350.
District Court of Appeal of Florida, First District.
May 12, 1988.
Rehearing Denied June 14, 1988.
*965 Gilbert A. Schaffnit, Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradford L. Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
MILLS, Judge.
This is an appeal from an order denying appellant's motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800. Finding merit in appellant's argument concerning a sentencing guidelines scoring error, we reverse and remand for resentencing.
Willie Clyde Johnson was charged on 27 September 1984 with one count of burglary of a dwelling and one count of sexual battery with slight force. He was tried by a jury and convicted of trespass to an occupied structure (a lesser included misdemeanor offense) and sexual battery as charged. A category 2 sentencing guidelines scoresheet was prepared and approved. The prior record portion of the scoresheet assessed 211 points for a first-degree felony punishable by life and 26 points for a third-degree felony. The 211-point assessment was based on appellant's 1970 Florida conviction for robbery.[1] The total score was 470, for a recommended range of 17-22 years' incarceration. The trial court sentenced appellant to 60 days on the trespass conviction and to the statutory maximum of 15 years' incarceration for sexual battery with slight force, the terms to run concurrently.
Johnson did not object to the scoresheet before imposition of sentence, on direct appeal, or in a subsequent motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In October 1986, however, he filed a motion to correct illegal sentence pursuant to Rule 3.800.
*966 In that motion, Johnson argued that the trial court improperly scored the 1970 robbery conviction as a first-degree felony punishable by life. Instead, he contended, the degree of the offense was ambiguous or impossible to determine. Therefore, pursuant to Florida Rule of Criminal Procedure 3.701 d.5.(a)(3),[2] it should have been scored as a third-degree felony, resulting in a recommended range of seven to nine years' incarceration. The trial court denied the motion. This appeal ensued.
In 1970, the crime of robbery in Florida was not divided by degree. Section 813.011, Florida Statutes (1969), provided:
Robbery defined; penalties.  Whoever, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court.
The state argues that, in determining the degree of a prior offense for sentencing guidelines purposes, the focus should be on the maximum allowable punishment for the prior offense. Because the maximum allowable punishment for the prior offense in this case was life in prison, the state contends, it was properly scored as a first-degree felony punishable by life.
We reject the assertion that the degree of a prior Florida felony should be determined by reference to the maximum allowable punishment for the offense. Such an approach would be inconsistent with the analysis applied to scoring prior out-of-state convictions, where the inquiry has been directed to the elements of the crime rather than the punishment provided. See Forehand v. State, 524 So.2d 1054 (Fla. 1st DCA 1988), and cases cited therein. Moreover, assigning a degree to a Florida felony which had no degree at the time of a defendant's conviction for that felony would violate the rule established in Johnson v. State, 476 So.2d 786 (Fla. 1st DCA 1985), that prior offenses should be scored according to their degree at the time of the prior conviction. Where, as here, the felony has no degree at the time of the defendant's conviction, we conclude the degree is "impossible to determine" in the language of Rule 3.701 d.5.(a)(3). The prior offense should therefore have been scored as a third-degree felony.
Finally, we explain why this scoring error was preserved for review although raised for the first time in a 3.800 motion. Error in scoring a prior conviction based on the degree of the felony, which results in a de facto departure sentence, is reviewable without contemporaneous objection where the error is apparent from the record. Merchant v. State, 509 So.2d 1101 (Fla. 1987). In addition to being reviewable on direct appeal without contemporaneous objection, such an error is also reviewable collaterally pursuant to Florida Rule of Criminal Procedure 3.800 as amended in State v. Whitfield, 487 So.2d 1045 (Fla. 1986).
We conclude that the error raised in the instant case is apparent from the record. Unlike the situation in Forehand v. State, where the degree of the prior out-of-state felony conviction depended, for sentencing guidelines purposes, upon the facts surrounding the offense, appellant's 1970 Florida conviction for robbery is, for the reasons previously stated, not susceptible to categorization by degree regardless of the facts surrounding the offense.
Accordingly, we vacate appellant's sentence and remand for resentencing with directions that the trial court score the prior robbery offense as a third-degree felony.
SHIVERS, J., concurs.
JOANOS, J., dissents with written opinion.
JOANOS, J., dissenting.
I respectfully dissent.
*967 The issue here involves the scoring of a prior Florida conviction of robbery. At the time the prior conviction occurred, the crime of robbery was not divided into degrees as it is now. It is my view that the scoring should be determined in the same manner that we have decided should be employed in determining out-of-state convictions. Since that requires a consideration of the nature of the crime and factual determinations, the alleged error cannot be raised for the first time in a motion brought pursuant to Florida Rule of Criminal Procedure 3.800. See Forehand v. State, 524 So.2d 1054 (Fla. 1st DCA 1988). I would, therefore, affirm.
NOTES
[1] No challenge based on the age of the conviction has been raised regarding the scoring of the prior robbery offense. We can only assume the appellant had not maintained a conviction-free record for the requisite period of time. See Fla.R.Crim.P. 3.701 d.5.(b).
[2] 3) When unable to determine whether an offense at conviction is a felony or a misdemeanor, the offense should be scored as a misdemeanor. Where the degree of the felony is ambiguous or impossible to determine, score the offense as a third-degree felony.