548 So.2d 302 (1989)
Fred DUHART, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 88-1976.
District Court of Appeal of Florida, Fifth District.
September 7, 1989.
James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant appeals from a plea of nolo contendere entered pursuant to a plea agreement reached with the state attorney. The defendant was originally charged in three counts with escape, serving as an accessory after the fact to a murder, and aggravated assault. In exchange for a plea of nolo contendere to the accessory and assault charges along with an admission that the defendant violated probation stemming from a prior offense, the state agreed to nolo pros the escape charge and to recommend concurrent sentence on the accessory and assault charges and agreed to recommend that any sentence imposed be served concurrently with a three-year prison term appellant was serving in Orange County.
The sentencing judge clearly and expressly informed the defendant that he was not necessarily bound by the state attorney's recommendations and asked the defendant if he wished to withdraw his plea in light of the possibility that a greater sentence could be imposed. The defendant indicated that he would stand by his plea and the trial court then, by way of departure, imposed two five year sentences on the accessory and assault offenses to run consecutive to each other and to the Orange County sentence. The defendant has not challenged the justifications for departure. Although initially informed by the judge that the court was not bound by the state attorney's recommendation, Duhart argues that the judge should have asked him whether he wished to withdraw his *303 plea after imposition of the departure sentences.
This case raises the problem presented in Stinson v. State, 448 So.2d 1240 (Fla. 5th DCA 1984), namely, whether this court should order the trial court to allow the defendant to withdraw his plea where the defendant has not filed a motion to withdraw his plea in the trial court. This is not a case where the trial court has imposed a condition that the defendant never agreed to. See Gamble v. State, 449 So.2d 319, 321 (Fla. 5th DCA 1984). Without an allegedly improper denial of a request to withdraw the plea, there is no error upon which to predicate appellate review. The defendant should file a motion to withdraw his plea in the lower court. See Stinson, supra; Counts v. State, 376 So.2d 59 (Fla.2d DCA 1979). This procedure more precisely frames the issue, arguments, and factual record and thereby facilitates appellate review. Accordingly, this appeal is DISMISSED.
DANIEL, C.J., and ORFINGER, M., Retired, J., concur.