556 So.2d 1239 (1990)
Harold JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-699.
District Court of Appeal of Florida, Fifth District.
February 22, 1990.
*1240 James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
GOSHORN, Judge.
Harold Jenkins appeals the sentence imposed following his plea of no contest to one count of grand theft. Because his sentence is within the allowable guideline range, we affirm.
Jenkins, relying on Johnson v. State, 525 So.2d 964 (Fla. 1st DCA 1988), argues that the trial court incorrectly scored his 1965 armed robbery conviction as a life felony. The Johnson court, noting that at the time of Johnson's prior conviction the crime of robbery in Florida was not divided by degree, held:
Where, as here, the felony has no degree at the time of the defendant's conviction, we conclude the degree is "impossible to determine" in the language of Rule 3.701 d.5.(a)(3). The prior offense should therefore have been scored as a third degree felony.
Id. at 966.
In the case at bar, had Jenkins been convicted of armed robbery out-of-state, his guideline scoring would be governed by Florida Rule of Criminal Procedure 3.701 d.5.(a)(2) which provides "When scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida Statute." We believe the same standard should apply to in-state convictions. Therefore, looking to the elements of Jenkins' prior conviction,[1] we conclude that because we cannot determine the type of weapon involved, his armed robbery conviction should be scored as a first degree felony.[2] Reclassifying Jenkins' prior conviction from a life felony to a first degree felony results in a reduction of 20 points and although it results in a one cell reduction, his sentence of 3 1/2 years' incarceration is still within the recommended guideline range. Accordingly, we affirm his sentence.
We note direct conflict with Johnson.
AFFIRMED.
DANIEL, C.J., and COWART, J., concur.
NOTES
[1] See Forehand v. State, 537 So.2d 103 (Fla. 1989).
[2] Section 812.13(2)(b), Florida Statutes (1989) states:

If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.