596 So.2d 1227 (1992)
Ucal HOWE, Appellant,
v.
STATE of Florida, Appellee.
No. 90-03067.
District Court of Appeal of Florida, Second District.
April 10, 1992.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Ucal Howe appeals his sentence imposed after a jury found him guilty of attempted second-degree murder with a firearm. The trial court adjudicated Howe guilty and sentenced him to twenty-two years' imprisonment with a minimum mandatory of three years, to be followed by twenty years' probation. Howe argues that this sentence is illegal. We agree and reverse, concluding that the split sentence exceeds the maximum period of incarceration provided by law.
Murder in the second degree is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life. See § 782.04(2), Fla. Stat. (1989). Since Howe's offense was attempted murder in the second degree, the punishment is reduced to a felony of the second degree. See § 777.04(4)(b), Fla. Stat. (1989). Howe's use of a firearm in the commission of the attempted offense reclassifies the offense to a felony of the first degree. See § 775.087(1)(b), Fla. Stat. (1989). The maximum sentence for this crime is thirty years' imprisonment. § 775.082(3), Fla. Stat. (1989). See Dion v. State, 409 So.2d 1216 (Fla. 3d DCA 1982). See also Miller v. State, 460 So.2d 373 (Fla. 1984).
The sentence consisting of incarceration and probation cannot exceed the maximum period of incarceration provided by law. Smith v. State, 584 So.2d 154 (Fla. 2d DCA 1991). Thus Howe's forty-two-year split sentence is illegal. Howe did not waive this error by failing to object below. See Forshee v. State, 579 So.2d 388 (Fla. 2d DCA 1991).
Reversed and remanded for the trial court to impose a sentence which does not exceed the limits set forth in section 775.082(3), Florida Statutes (1989).
CAMPBELL, A.C.J., and McDONALD, RANDALL G., Associate Judge, concur.