SHARP, Judge.
Witherspoon pled guilty to armed burglary and attempted robbery and was sentenced to twenty years, followed by five years on probation. On appeal he challenges his sentence, arguing he received a higher sentencing score than was appropriate because the trial judge assessed points for two prior Texas convictions as first degree felonies rather than third degree felonies.[1] He thus arguably was sentenced outside the allowed permitted guidelines range without written departure reasons. We affirm.
The sentencing guidelines require a sum be added to a convicted defendant’s score for “prior record.” It reflects the number of prior convictions, and severity of the offenses. For multiple offenses, larger than double scores are provided, and higher sums are provided for life felonies, ranging down to misdemeanors. On Witherspoon’s score, he received one hundred twenty-six points for the Texas robberies, scored as first degree felonies. Had they been scored as third degree crimes, as Wither-spoon argues they should have been, he would have received only twenty-one points.
If the conviction being scored as “prior record” is for an out-of-state offense, rule 3.701.d.5(a) of the guidelines provides:
(2) When scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida Statute.
(3) When unable to determine whether an offense at conviction is a felony or a misdemeanor, the offense should be scored as a misdemeanor. Where the degree of the felony is ambiguous or impossible to determine, score the offense as a third degree felony.
Witherspoon argues that Florida Rule of Criminal Procedure 3.701.d.5(a)(3) mandates that his Texas convictions be scored as third degree crimes, because the Florida robbery statute in effect when he committed the crimes did not divide robbery into greater and lesser degree crimes, and therefore the analogous or parallel Florida Statute was “ambiguous” as to its degree. Witherspoon’s two Texas robberies were committed in May and June of 1975. The exact degree (if any) under Texas law, and the facts and circumstances concerning how the crimes were committed are not clear based on this record. However, it appears he carried a firearm in both instances.
Robbery in Florida has long been treated as one of the most serious criminal offenses. The statute in effect from 1955 to 1971 did not provide any degrees for robbery, but it gave the sentencing judge the power to sentence a defendant to prison for life or any lesser term of years.[2] We held in Jenkins v. State, 556 So.2d 1239 (Fla. *609 5th DCA 1990) that a 1965 Florida armed robbery conviction, which fell under that older non-degreed statute, should be scored under the guidelines as a first degree felony, but not a life felony.[3] Based on Jenkins, an out-of-state armed robbery conviction should not be treated any more leniently for purposes of assessing points for pri- or convictions.
However, the Florida robbery statute in effect when Witherspoon committed the Texas robberies declared that the offense was a first degree felony. It provided:
Whoever, by force, violence or assault or putting in fear, feloniously robs, steals, and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be guilty of a felony of the first degree, punishable by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court.
§ 813.011, Fla.Stat. (1973). By declaring robbery to be a first degree felony, the revised statute cured any ambiguity problem.
We assume the Florida statute in effect when Witherspoon committed his Texas robberies is the “parallel” or “analogous” statute referred to by rule 3.701.d.5(a)(2). But even if the current statute, which breaks robbery into degree crimes is the point of reference, Witherspoon has no valid complaint. Effective July 1975, section 812.13 divided robbery into first and second degrees, depending upon how the crime is accomplished.[4] Since Witherspoon’s convictions were for armed robberies, and a firearm was obviously used or carried, under the current Florida statute they would be first degree felonies. Only if he had carried no firearm, deadly weapon or other weapon would a parallel Florida robbery be classified as a second degree felony. Thus, it is not inequitable that Witherspoon’s Texas convictions were scored as first degree rather than third degree felonies.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.

. We note Witherspoon also questions the trial court's improper multiple assessment of points for legal restraint. See Flowers v. State, 586 So.2d 1058 (Fla.1991). We think this error is harmless because removal of the improper points would not place Witherspoon in a lower sentencing bracket, as defense counsel agreed at the sentencing hearing.

. § 813.011, Fla.Stat. (1965).
Whoever, by force, violence or assault or putting in fear, feloniously robs, steals, and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court.

. We continue to note a conflict with our sister court on that point. Johnson v. State, 525 So.2d 964 (Fla. 1st DCA 1988) scored a 1970 Florida robbery conviction as a third degree felony.

. Section 812.13, Florida Statutes (1975) provides:
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree ...
(b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree ...
(c) If in the course of committing the robbery the offender carried no firearm, deadly weapon or other weapon, then the robbery is a felony of the second degree....