ON MOTION FOR REHEARING
PER CURIAM.
In consideration of the point raised in the defendant’s motion for rehearing, we withdraw our opinion in this cause dated June 19, 1992, and substitute this opinion in its place.
The defendant appeals, following re-sentencing, from a guideline sentence, asserting that numerous errors were made in the calculation of his guidelines scoresheet.
On January 22, 1990, the defendant was convicted of trafficking in cocaine, conspiracy to traffic in cocaine and sale of a controlled substance, cocaine. The defendant’s sentence as an habitual felony offender was reversed by this court[1] and on remand, a guidelines scoresheet was prepared reflecting a total of 389 points, for a recommended sentencing range of 22-27 years. The trial court sentenced the defendant to 27 years in prison on the trafficking count, a concurrent 27 year term of imprisonment on the conspiracy count and a consecutive 15 year probation period on the sale of a controlled substance count.
On appeal the defendant does not challenge the scoring of the primary offense at conviction (164 points) or the scoring of additional offenses at conviction (13 points). Rather, the dispute concerns the scoring of the defendant’s extensive prior record:
(1) Two federal bank robbery convictions entered in 1966 and 1967 respectively, were scored as life felonies for a total point value of 130 points.
Florida Rule of Criminal Procedure 3.701 d. provides in relevant part:
5. a) “Prior record” refers to any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense. Prior record includes all prior Florida, federal, out-of-state, military, and foreign convictions, as well as convictions for violation of municipal or county ordinances that bring within the municipal or *638 county code the violation of a state statute or statutes.
* * * * * *
2) When scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida Statute.
3) When unable to determine whether an offense at conviction is a felony or a misdemeanor, the offense should be scored as a misdemeanor. Where the degree of the felony is ambiguous or impossible to determine, score the offense as a third-degree felony.
In 1966, our robbery statute, section 813.011, Florida Statutes, provided in its entirety:
Whoever, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court.
Thus, in 1966, the crime of robbery in Florida was not divided by degrees and the question is whether under Rule 3.701 d.5.a)3) the degree of the offense was “impossible to determine” and the out of state offenses must be scored as third degree felonies. In Jenkins v. State, 556 So.2d 1239 (Fla.5th DCA 1990), this court held that under Forehand v. State, 537 So.2d 103 (Fla.1989), the sentencing court should look to the elements of the defendant’s prior out of state conviction to determine the appropriate degree. The court went on to hold that the defendant’s prior armed robbery conviction should be scored as a first degree felony and not as a life felony because the court could not determine the type of weapon involved. Contra Johnson v. State, 525 So.2d 964 (Fla. 1st DCA 1988).
In applying Jenkins to this case, consideration must first be given to the federal bank robbery statute.
18 U.S.C. § 2113, in effect, in subpara-graph (a) describes a bank robbery offense, and in subparagraph (d) provides that whoever commits a bank robbery in violation of subsection (a) and in doing so
assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device,
is guilty of a greater offense in the nature of an aggravated bank robbery with enhanced punishment.
Prior to 1978, the federal circuit courts of appeal were split on whether the dictates of subsection (d) could be implicated either by (1) simply an assault or (2) by putting in jeopardy the life of any person by the use of a dangerous weapon. Various circuits held that an assault itself was not enough to implicate subsection (d) without the need for a dangerous weapon, see, e.g., United States v. Beasley, 438 F.2d 1279 (6th Cir.1971), cert. denied, 404 U.S. 866, 92 S.Ct. 124, 30 L.Ed.2d 110 (1971), United States v. Rizzo, 409 F.2d 400 (7th Cir.1969), cert. denied, 396 U.S. 911, 90 S.Ct. 226, 24 L.Ed.2d 187 (1969), Gant v. United States, 161 F.2d 793 (5th Cir.1947), while other circuits ruled that a dangerous weapon was necessary to implicate subsection (d) in every event. See, e.g., United States v. Crew, 538 F.2d 575 (4th Cir.1978), cert. denied, 429 U.S. 852, 97 S.Ct. 144, 50 L.Ed.2d 127 (1970).
This divergence was not resolved until 1978, when the United States Supreme Court in Simpson v. United States, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), construed subsection (d) to require more than an assault and held that the phrase “by the use of a dangerous weapon or device” must be read as modifying both the assault provision and the putting in jeopardy provision. In other words, a conviction under subsection (d) requires a showing that the robber used a dangerous weapon or device as a condition precedent to the imposition of an enhanced sentence whether based on an assault or based on putting life in jeopardy. United States v. Benson, 918 F.2d 1 (1st Cir.1990).
Conceding that in 1966 and 1967 when the defendant was convicted, the federal statute was ambiguous and conceding that that ambiguity resulted in conflicts in lower federal courts’ construction of the feder *639 al bank robbery law, and conceding that ambiguity and conflict was resolved in Simpson in 1978, nevertheless, the form of the judgment entered upon the defendant’s 1967 federal robbery conviction leaves a separate and distinctly different ambiguity in that the 1967 robbery judgment does not indicate that the defendant’s conviction was an adjudication that he used a dangerous weapon in that particular case. That ambiguity is illustrated by the difference in the form of the defendant’s 1966 robbery conviction and the form of the 1967 robbery conviction. The 1966 robbery judgment states in effect that the defendant was guilty of a bank robbery under subpara-graph (a) and further,
... did assault and put in jeopardy the lives of the employees of said Bank by use of a dangerous weapon in violation of Title 18 USC Section 2113(d). (emphasis added)
while the 1967 robbery judgment form states in effect that the defendant was guilty of a bank robbery under1 subpara-graph (d) and
... did assault and put in jeopardy the lives of the said employee of said bank, as charged in count 2 of this 2 count Indictment.
The State did not present to the trial court, and there is nothing in the record before this court, to indicate that Count 2 of the 1967 indictment alleged the use of a dangerous weapon.
Merely because (1) in 1967 the defendant was found guilty of a subparagraph (d) section 2113 offense, and (2) in 1978 the Supreme Court held as a matter of law that an assault under subparagraph (d) of section 2113 required the use of a dangerous weapon does not mean that as a matter of fact the defendant used a dangerous weapon in the bank robbery for which he was convicted in 1967. This is so because in 1967 and up until Simpson in 1978, the use of a dangerous weapon was not necessarily required for a subparagraph (d) section 2113 conviction.
The record before the trial judge and in this court does not affirmatively show that the 1967 offense to which the defendant pled guilty involved the use of a dangerous weapon. At best, the 1967 judgment is ambiguous in this regard and such ambiguity must be construed against the State and in favor of the defendant in scoring the offense. See Vandeneynden v. State, 478 So.2d 429 (Fla.5th DCA 1985); Doner v. State, 515 So.2d 1368 (Fla.2d DCA 1987).
Thus, under Jenkins, the defendant’s 1966 federal robbery conviction should have been scored as a first degree felony as the judgment reflects the crime involved a dangerous weapon though the weapon is not identified. See § 812.13(2)(b), Fla.Stat. The 1967 robbery offense should be scored as a second degree felony because the judgment does not reference use of a dangerous weapon. § 812.13(2)(c), Fla.Stat.
(2) The defendant’s scoresheet reflects five prior third degree felony convictions for a total of 39 points. Two of these convictions were federal convictions for endangerment to life arising out of the two 1966 federal bank robberies. The defendant was prosecuted for each robbery in two count indictments, Count I alleging robbery and Count II alleging that the defendant did assault and put in jeopardy the lives of the employees of the bank by use of a deadly weapon. The defendant was convicted and sentenced for two robberies and was also convicted and sentenced for two endangerment offenses. On appeal the defendant argues that it was error to score the endangerment offenses as the conduct involved therein was encompassed within the Florida robbery statute.
The federal bank robbery statute states:
(a) Whoever, by force or violence, or by intimidation, takes, or1 attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, *640 credit union, or in such savings and loan association, or building, or part thereof, so used any felony affecting such bank of such savings and loan association and in violation of any statute of the United States, or any larceny—
Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.
******
(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.
The Fifth Circuit has held that this section creates but a single offense with various degrees of aggravation permitting sentences of increasing severity. Sullivan v. United States, 485 F.2d 1352 (5th Cir.1973) (and cases cited therein). Separate penalties under the various sections of the federal robbery statute are improper,’ whether imposed consecutively or concurrently. Id.
The State asserts that the defendant never made this argument below but the issue is one of pure law which can be decided by this court. Further, the State asserts that the defendant has never moved in federal court to set aside his convictions for endangerment. This fact, however, does not authorize new application of the improper convictions and sentences. The two endangerment offenses should not have been scored.
(3) The defendant’s prior record includes a 1962 federal felony conviction for transporting a stolen vehicle across state lines, in violation of 18 U.S.C. § 2312. Defense counsel argued there is no analogous Florida offense and that therefore, the offense must be scored as a misdemeanor and not as a third degree felony.
In 1962, Florida had a statute governing larceny of an automobile, section 811.20, Florida Statutes (1961) and also had statutes governing buying, receiving or concealing stolen property, section 811.16, Florida Statutes (1961). However, neither of these statutes is analogous to transporting a stolen motor vehicle across state lines. The offense should not have been scored under prior record as a third degree felony.
(4) The PSI reflects that the defendant had a 1957 Massachusetts conviction for receiving stolen property. The State argued this conviction should be scored as a third degree felony because the defendant had been sentenced to five years imprisonment and under Massachusetts law, to receive such a sentence, the property had to be of a value of $100.00 or more or had to be a second or subsequent offense. The State asserts that under the analogous Florida law, such conduct would be punishable as a third degree felony. The defendant maintains that under Florida law, if the defendant made satisfaction, then the offense of receiving stolen property is a misdemeanor and demanded that the State produce a certified copy of the charging document to establish this.
Under Florida law, the offense of receiving stolen goods would be a misdemeanor if the act of stealing the property was not by law a felony (property of a value of $100.00 or more) and the defendant made satisfaction. Given the Massachusetts sentence of five years imprisonment, the defendant was either not a first time offender or the property was of a value of $100.00 or more. The PSI does not show any prior receiving stolen property convictions so it is clear the value of the property had to be in excess of $100.00. As such, the 1957 offense was a felony under Florida law. The trial court correctly scored the offense as a third degree felony.
The appropriate scoresheet total here is 293 points.[2] This total falls within the guidelines recommended range of 12-17 *641 years and permitted range of 9-22 years. The sentence imposed is vacated and the cause remanded for resentencing using a corrected scoresheet.
SENTENCE VACATED; CAUSE REMANDED.
DAUKSCH, COWART and GRIFFIN, JJ., concur.

. See Walsh v. State, 579 So.2d 908 (Fla.5th DCA 1991).

. 164 points for primary offense at conviction, 13 points for additional offenses at conviction and 116 points for prior record.