THOMPSON, Judge.
Kenneth Edwards files this consolidated appeal contesting his convictions and sentences. The only error we find is the sentence imposed in lower case number 92-1337. We affirm his convictions, but we remand his sentence in ease number 92-1337 for correction and the reimposition of costs.
Edwards was tried and convicted in lower case number 92-1337 of grand theft, burglary of a structure and petit theft. At the sentencing hearing, the trial court orally imposed a five year sentence as an habitual *108 felony offender for each felony. The sentences were consecutive. Edwards was sentenced to time served on the petit theft. The written sentence, however, imposed two concurrent ten year sentences, with a five year habitualized sentence for each of the two felonies. Since the oral pronouncement of sentence supercedes the written pronouncement of sentence, we remand for correction. See Harden v. State, 557 So.2d 926 (Fla. 5th DCA 1990); Avery v. State, 543 So.2d 296 (Fla. 5th DCA), review dismissed, 553 So.2d 1164 (Fla.1989).
The court imposed costs of $250.00 for the public defender’s lien. This imposition was error. The record reveals that the trial court failed to apprise Edwards of his right to contest the amount of the assessment as mandated in Florida Rule of Criminal Procedure 3.720(d)(1). Therefore, the $250.00 lien is stricken without prejudice to its reimposition upon compliance with the rule. See Smith v. State, 632 So.2d 99 (Fla. 5th DCA 1994). This case is remanded for proceedings consistent with this opinion.
JUDGMENT AFFIRMED; REMANDED.
DAUKSCH and PETERSON, JJ., concur.