PETERSON, Judge.
Anthony Kravitz appeals from his sentence imposed after he entered a negotiated plea of guilty of attempted second degree murder with a handgun. During the plea hearing defense counsel advised the trial court that while Kravitz understood that he entered the plea to a second degree felony, the felony was enhanced one degree for purposes of sentencing and guideline scoring because he employed a handgun in the commission of the *637 crime. He also stated that Kravitz realized that the first three years of the 12 year sentence would be a minimum mandatory sentence and that no credits would be given for that initial period. Counsel concluded by stating, “Knowing that, the defendant wishes to enter this plea.”
Prior to the announcement of sentence, the prosecutor advised the court that the trial court could impose probation in addition to the incarceration. This statement was supported by the written plea agreement. The trial court then imposed a sentence of 12 years incarceration with a minimum mandatory term of three years followed by five years probation.
Kravitz contends for the first time on appeal that he did not knowingly and voluntarily enter his plea because the written plea agreement did not contain the details of enhancement and the minimum mandatory three year sentence recited by defense counsel in his presence during the sentencing hearing. He also contends that the prosecutor violated the plea agreement by advising the trial court of the written probation provision previously unmentioned by defense counsel.
The State contends that this appeal should be dismissed for lack of jurisdiction because of Kravitz’s failure to first seek withdrawal of his plea before the trial court. We agree and dismiss the appeal without prejudice to seek relief before the trial court. Williams v. State, 541 So.2d 764 (Fla. 5th DCA 1989); Duhart v. State, 548 So.2d 302 (Fla. 5th DCA 1989); Byrd v. State, 419 So.2d 725 (Fla. 5th DCA 1982); Norman v. State, 634 So.2d 212 (Fla. 4th DCA 1994).
APPEAL DISMISSED.
COBB and DIAMANTIS, JJ., concur.