650 So.2d 639 (1995)
Willie B. HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2008.
District Court of Appeal of Florida, Fourth District.
February 1, 1995.
*640 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan L. Greenberg, Asst. Atty. Gen., West Palm Beach, for appellee.

ON MOTION FOR CLARIFICATION
PER CURIAM.
We sua sponte modify our opinion in regard to the last issue, grant appellant's motion for clarification, withdraw our opinion filed October 5, 1994, and substitute the following.
Defendant appeals a departure sentence of 30 years imposed as a result of his conviction for attempted second degree murder with a weapon. We conclude that the trial court did not err in departing from the recommended guidelines because of excessive brutality, that the court did not err in scoring the crime as a first degree felony, but that the court did err in scoring defendant's 1966 second degree murder conviction as a life felony.
Defendant called his estranged wife in the middle of the night and told her he was going to kill her if she and the children did not return to their home. Later that day, as she was parking her car prior to entering her place of employment, defendant smashed her window with a hammer. When she got out of the car defendant struck her in the head numerous times with a hammer, with "full swing" blows, according to an eyewitness.
The victim testified that while trying to protect her head she was hit on both hands, and one of her thumbs was crushed. Defendant held her by the hair and struck her in the eye with the hammer. She felt her skull crack. She suffered fractures to her cheekbones, eyesocket and an eye injury. Although she could not remember how many times she was struck she had six round spots on her head where her hair had not grown back.
The trial court gave two written reasons for departure, extensive continuing emotional trauma and excessive brutality. Defendant argues there was no evidence of emotional trauma beyond that which was inherent in this type of attack, and we agree. We do not agree that there was not excessive brutality, however, and therefore affirm the departure. See State v. McCall, 524 So.2d 663 (Fla. 1988); Vara v. State, 546 So.2d 1071 (Fla. 2d DCA 1989).
Defendant next argues that his conviction for attempted second degree murder was improperly scored as a first degree felony rather than a second degree felony. Second degree murder is a first degree felony[1]; however, the fact that it was attempted, not completed, makes it a second degree felony.[2] The court reclassified the second degree offense as first degree because a weapon was used.[3]
*641 Defendant argues that the court went about this in the wrong order. He argues that the court should have first classified the offense as a first degree felony because of the use of the weapon, and then reduced it to a second degree felony because it was only an attempt. We do not agree. The use of the weapon is not an element of second degree murder. The fact that a weapon was used, however, was a reason to reclassify this second degree felony to a first degree felony.
Defendant's method of calculation would simply eliminate the use of the weapon as a factor; however, he has cited no authority to support his argument. His reliance on Ashwood v. State, 616 So.2d 199 (Fla.2d DCA 1993) is misplaced because in Ashwood, the crime was sexual battery with a deadly weapon. The use of the weapon was part of the crime.
We cannot tell from the opinions on which the state relies whether the specific argument which the defendant advances was made in those cases. However, the courts in Howe v. State, 596 So.2d 1227 (Fla.2d DCA 1992), and Montoya v. State, 489 So.2d 794 (Fla.3d DCA 1986), did use the method of calculation used by the trial court here. This conviction was properly scored as a first degree felony.
Defendant also argues that the trial court erroneously classified his 1966 conviction for second degree murder as a life felony on his scoresheet. At the time that offense occurred felonies had no degrees in Florida, and defendant argues that the second degree murder conviction should thus have been scored as a third degree felony, under Florida Rule of Criminal Procedure 3.701(d)(5)(C), which provides:
When unable to determine whether an offense at conviction is a felony or a misdemeanor, the offense should be scored as a misdemeanor. When the degree of the felony is ambiguous or impossible to determine, score the offense as a third-degree felony.
While we agree that it was error to score the 1966 conviction for second degree murder as a life felony, we do not agree with the defendant that it should have been scored as a third degree felony.
In 1966, second degree murder was punishable by life imprisonment or not less than 20 years. Section 782.04, Fla. Stat. (1966). Presently, second degree murder is a first degree felony punishable by life or a term not exceeding 30 years in prison. Section 782.04(2) and section 775.082(3)(b), Fla. Stat. (1993). Because second degree murder carried a penalty of not less than 20 years in prison in 1966, a stiffer sentencing provision than the present statute, we conclude that the degree of the felony of the 1966 conviction for second degree murder is not "ambiguous or impossible to determine," under rule 3.701(d)(5)(C). It was the equivalent of the present crime of second degree murder, a first degree felony.
We therefore reverse and remand for resentencing with the score sheet corrected to reflect that the 1966 conviction is scored as a first degree felony.
Affirmed in part, reversed in part.
HERSEY, STONE and KLEIN, JJ., concur.
NOTES
[1] Section 782.04(2), Fla. Stat. (1991).
[2] Section 777.04(4)(b), Fla. Stat. (1991).
[3] Section 775.087(1)(b), Fla. Stat. (1991).