HARRIS, Chief Judge.
In this Anders appeal,[1] two minor sentencing errors appear in the record. The special condition of probation imposing on Appellant Cordell Ashford a $60.00 assessment to be paid to First Step of Volusia County, Inc., is unauthorized and stricken. Tibero v. State, 646 So.2d 213 (Fla. 5th DCA 1994) (en banc). Additionally, the trial court assessed a $100 public defender fee. While this fee is statutorily allowable, the trial court did not inform Ashford of his right to contest the amount of the public defender fee as required by rule 3.720(d)(1). Under Bull v. State, 548 So.2d 1103 (Fla.1989), therefore, the $100 fee must be stricken, without prejudice to its reimposition upon compliance with rule 3.720(d)(1). See also McLeod v. State, 645 So.2d 116 (Fla. 5th DCA 1994), Edwards v. State, 639 So.2d 107 (Fla. 5th DCA 1994), review denied, 645 So.2d 451 (Fla.1994); Fontenot v. State, 631 So.2d 379 (Fla. 5th DCA 1994); Fannin v. State, 630 So.2d 230 (Fla. 5th DCA 1994).
We further note that in this case Ash-ford entered negotiated pleas to two separate felony offenses.[2] In both the written pleas, the prosecutor agreed that Ashford’s sentences for both counts would run concurrently. Both the written pleas also stated the prosecutor would agree that if Ashford scored in the 1st, 2d, or 3d cell he would receive no further incarceration. While the record does not contain a scoresheet, Ash-ford was sentenced as if he fell within the 1st cell. No mention was made in the sentencing documents or at the plea colloquy of the plea agreements. Nor was mention made as to whether the sentences would be concurrent or consecutive. Since the two offenses were charged in separate informations, and since the judgments and sentences are silent, the presumption is that Ashford’s sentences are consecutive. § 921.16(1), Fla.Stat. (1993). Although the sentences were not as agreed, they are still legal sentences, and Ashford has not moved to withdraw his plea. Therefore, we are without jurisdiction to review them. See Duhart v. State, 548 So.2d 302 (Fla. 5th DCA 1989); see also Kravitz v. State, 638 So.2d 636 (Fla. 5th DCA 1994). Since this case has to be remanded for further action, however, the trial court may wish to reconsider Ashford’s sentencing in light of the agreement between Ashford and the State.
Affirmed in part; reversed and remanded in part for further proceedings consistent with this opinion.
W. SHARP and THOMPSON, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. These were possession with intent to sell a controlled substance, § 893.13(1), Fla.Stat. (1993), and battery on a law enforcement officer, § 784.07(2), Fla.Stat. (1993).