PER CURIAM.
In this appeal from a conviction for attempted second degree murder with a weapon, the defendant raises four issues. The first two issues, challenging the defendant’s conviction, are without merit. His conviction is affirmed.
As to the defendant’s third issue, we find that the defendant’s offense was properly classified as a first degree felony for sentencing purposes. See §§ 782.04(2), 777.04(4)(b), 775.087(l)(b), Fla.Stat. (1991). This classification was properly reached by: first, applying the attempt statute to reduce the first degree felony of second degree murder to a second degree felony, and; second, applying the firearm/weapon enhancement statute to reclassify the offense from a second degree felony to a first degree felony. See Miller v. State, 460 So.2d 373, 374 (Fla.1984); Zeigler v. State, 647 So.2d 272, 273 n. 1 (Fla. 4th DCA 1994); Howe v. State, 596 So.2d 1227, 1227 (Fla. 2d DCA 1992); Montoya v. State, 489 So.2d 794, 795 (Fla. 3d DCA), review denied, 496 So.2d 143 (Fla.1986); Davis v. State, 486 So.2d 45, 46 (Fla. 5th DCA 1986); Cooper v. State, 455 So.2d 588, 589 (Fla. 1st DCA 1984) (en banc), review denied, 464 So.2d 554 (Fla.1985). The defendant has argued that if the two statutes are applied in reverse order, i.e. the weapon enhancement statute is applied first and the attempt statute second, that the result is a second degree felony classification. While this is mechanically true, the defendant’s argument is specious because the crime which was actually committed (in this case, attempted second degree murder) must be determined before any enhancement due to the use of a weapon can be applied. Moreover, the defendant’s argument was recently rejected by the Fourth District in Harris v. State, 650 So.2d 639 (Fla. 4th DCA 1995).
Finally, the judgment in this case erroneously indicates that the defendant was convicted of a violation of Florida Statutes section 782.04(1). The judgment should reflect a conviction of Florida Statutes section 782.04(2), not 782.04(1). We therefore remand for the sole purpose of correcting this clerical error. See Cook v. State, 632 So.2d 86, 87 (Fla. 3d DCA 1994). The defendant need not be present when this correction is made. See Oliver v. State, 627 So.2d 56, 57 (Fla. 2d DCA 1993).
Affirmed; remanded for the entry of a corrected judgment.