660 So.2d 409 (1995)
Damon HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1985.
District Court of Appeal of Florida, Fourth District.
September 20, 1995.
Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Edward L. Giles, Assistant Attorney General, West Palm Beach, for appellee.
GUNTHER, Chief Judge.
Appellant, Damon Harris, defendant below (Defendant), appeals a final judgment and sentence. Defendant had entered a plea of nolo contendere to attempted second degree *410 murder, a second degree felony. Apparently, due to the involvement of a deadly weapon, the trial court enhanced Defendant's sentence to a first degree felony pursuant to section 775.087(1)(b), Florida Statutes (1991). We reverse because the record does not demonstrate that Defendant understood and agreed to the deadly weapon enhancement when entering his plea.[1]
Felonies of the first degree are punishable by up to thirty years while second degree felonies are punishable by no more than fifteen years. §§ 775.082(3)(b), (c), Fla. Stat. (1991). Moreover, this court has recently clarified that although second degree murder is a first degree felony, an attempted second degree murder is a second degree felony. Harris v. State, 650 So.2d 639, 640 (Fla. 4th DCA 1995). The fact that a weapon is used in attempted second degree murder, however, is a proper reason to reclassify the second degree felony as a first degree felony. Id. at 641.
Although Defendant was indicted for attempted first degree murder, Defendant pled no contest to the lesser included offense of attempted second degree murder. Previously, we reversed and remanded this case on a separate issue involving the waiver of the right to be sentenced as a juvenile under section 39.111, Florida Statutes (1989). Harris v. State, 633 So.2d 562 (Fla. 4th DCA 1994). Upon remand, the record reveals that the trial court resentenced Defendant to twenty years, exceeding the statutory maximum of fifteen years for a second degree felony. Apparently, the trial court had reclassified the attempted second degree murder to a first degree felony pursuant to section 775.087(1), Florida Statutes (1991). However, Defendant's counsel had stated that his intent was to make the plea to a second degree felony. Thus, it is unclear from the record whether Defendant entered his plea knowing of the enhancement.
Although case law and statutes allow the trial court to enhance the second degree murder charge to a first degree felony due to use of a deadly weapon, Rule 3.172(c)(i), Florida Rules of Criminal Procedure, governing the acceptance of pleas, mandates the trial court to advise the defendant of "the maximum possible penalty provided by law... ." We deem the enhancement of Defendant's sentence under these circumstances to be a definite, immediate and largely automatic effect on the range of Defendant's punishment. See Zambuto v. State, 413 So.2d 461, 462 (Fla. 4th DCA 1982). As such, the trial court, pursuant to Rule 3.172(c)(i), was required to advise Defendant of the enhancement.
Moreover, good cause to withdraw a plea has been found where a defendant proves that the plea was entered without a proper understanding of its nature and consequences. Setzer v. State, 575 So.2d 747, 748 (Fla. 5th DCA 1991). Based upon the record before us, we are not convinced that Defendant understood the nature and consequences of his plea. We, therefore, remand for an evidentiary hearing in which the trial court may determine whether Defendant understood his plea and enhancement due to the use of a deadly weapon.
REVERSED AND REMANDED.
FARMER and KLEIN, JJ., concur.
NOTES
[1] Defendant attempted to move to withdraw his plea at resentencing. Cf. Kravitz v. State, 638 So.2d 636 (Fla. 5th DCA 1994). Further, Defendant's plea agreement specifically does not waive his right to appeal any sentence outside the guidelines unless specifically contained with the plea agreement. Cf. Norman v. State, 634 So.2d 212 (Fla. 4th DCA 1994). Thus, we have jurisdiction. Fla.R.App.P. 9.140(b).