WELLS, Justice.
We have for review Harris v. State, 650 So.2d 639 (Fla. 4th DCA 1995), which expressly and directly conflicts with the opinion in Johnson v. State, 525 So.2d 964 (Fla. 1st DCA 1988). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Harris raises two issues in this proceeding. The first concerns whether the trial court erred in approving a departure sentence based upon excessive brutality. We approve the district court’s decision on this issue, see 650 So.2d at 640, and agree with its affirmance of a departure sentence.
The second issue presented is the basis for our conflict jurisdiction. Harris was convicted in 1967 for second-degree murder in Florida. When Harris committed that crime in 1966, Florida Statutes did not classify felonies by degrees.[1] In scoring this prior conviction for purposes of calculating Harris’s guideline scoresheet, the trial court looked to the current statute and determined that if Harris had been convicted today of the 1966 second-degree murder, he would be guilty of a life felony. Accordingly, the trial court scored this 1967 conviction as a life felony.
On appeal to the Fourth District, Harris contended that this classification was erroneous. Florida Rule of Criminal Procedure 3.701(d)(5)(C) states that when the degree of the prior felony conviction is ambiguous or impossible to determine, a court should score the conviction as a third-degree felony. See Fla.R.Crim.P. 3.701(d)(5)(C). Harris asserted that since the 1966 second-degree murder conviction was not classified by degree, the trial court should have scored this conviction as a third-degree felony.
*112 While the district court agreed that it was error to score this conviction as a life felony, it did not find that the rule required the result Harris desired. In 1966, second-degree murder was punishable by life imprisonment or not less than twenty years. See § 782.04, Fla.Stat. (1966). Today, second-degree murder is a first-degree felony punishable by life or a term not exceeding thirty years in prison. See § 775.082(3)(b), Fla. Stat. (1993). Because second-degree murder carried a stiffer sentence in 1966 than under the present statute, the district court reasoned that the degree of the felony was not ambiguous or impossible to determine: it was the equivalent of the present crime of second-degree murder, a first-degree felony. Hams, 650 So.2d at 641. The district court then reversed and remanded for resentenc-ing based upon a corrected scoresheet reflecting that the 1967 conviction be scored as a first-degree felony.
The scoring of Florida convictions for crimes committed before Florida classified crimes by degrees has been the source of some confusion in the district courts. See, e.g., Jenkins v. State, 556 So.2d 1239 (Fla. 5th DCA 1990); Johnson v. State, 525 So.2d 964 (Fla. 1st DCA 1988). In Jenkins, the Fifth District Court of Appeal was faced with the scoring of a 1965 Florida armed robbery conviction. The court there reasoned that had this been an out-of-state conviction, the conviction would be scored by reference to the analogous or parallel Florida statute.[2] Consequently, the court determined that the same standard should apply to in-state convictions. Id. at 1240. Relying on Forehand v. State, 537 So.2d 103 (Fla.1989), the court then looked to the elements of the defendant’s prior conviction and scored the armed robbery conviction as it would have been classified in 1989: a first-degree felony. Id.
The First District Court of Appeal reached a contrary result on similar facts in Johnson v. State, 525 So.2d 964 (Fla. 1st DCA 1988). In Johnson, the trial court was faced with scoring a 1970 Florida conviction for robbery. The trial court scored this robbery conviction as a first-degree felony punishable by life. On appeal, the First District reversed, reasoning that since a prior offense should be scored according to its degree at the time of the prior conviction and this crime did not have a degree at the time of conviction, the degree was “impossible to determine.” Id. at 966. Accordingly, the court held that the 1970 robbery conviction should have been scored as a third-degree felony. See Id.
To resolve this confusion, we turn to the sentencing guidelines. In establishing a uniform set of sentencing standards, the sentencing guidelines embody the principle that the severity of the sanction should increase with the length and nature of the offender’s criminal history. See Fla. R.Crim.P. 3.701(b)(4). To this end, the guideline scoresheet includes any past criminal conduct on the part of the defendant, including all Florida convictions. See Fla. R.Crim.P. 3.701(d)(5).[3] Just as a court is directed to score federal and out-of-state convictions by reference to the analogous or parallel Florida statute, a trial court should similarly score a Florida conviction received before crimes were classified by degrees. Cf. Dautel v. State, 658 So.2d 88 (Fla.1995) (holding that a court should only look to the elements of the conviction and not to the underlying facts when determining the analogous or parallel Florida statute for purposes of scoring an out-of-state conviction). This result provides uniformity in sentencing and furthers the stated goals of the sentencing guidelines.[4] In determining the analogous or *113 parallel Florida statute, we agree with the Fifth District that the prior convictions should be scored by reference to the elements of the prior conviction. See Jenkins, 556 So.2d at 1240; Forehand v. State, 537 So.2d 103 (Fla.1989).
In this case, the district court erred by looking to the punishment rather"than the elements of the prior conviction to determine the analogous Florida statute; however, the ultimate result is not affected. An analysis of the elements of the 1967 second-degree murder conviction reveals that today, as in 1966, second-degree murder is defined as: “The unlawful killing of a human being, when perpetrated by an act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual.” Compare § 782.04, Fla.Stat. (1965), with § 782.04(2), Fla.Stat. (1993). Consequently, we agree with the district court’s conclusion that the 1967 second-degree murder conviction is the equivalent of the present crime of second-degree murder, a first-degree felony. See § 782.04(2), Fla.Stat. (1993) (“murder in the second degree ... constitutes a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084.”)
Additionally, we note that the district court erred in determining that this conviction should have been scored as a first-degree felony. We have previously found that for purposes of calculating a sentencing guideline scoresheet, second-degree murder should be scored as a first-degree felony punishable by life. See Merchant v. State, 509 So.2d 1101, 1102 (Fla.1987); Dunn v. State, 522 So.2d 41 (Fla. 5th DCA 1988). Thus, on remand, the trial court should properly score this prior conviction as such.
Accordingly, we approve in part and quash in part the decision of the district court. We approve the opinion in Jenkins and disapprove that in Johnson. However, we remand this cause with directions that the trial court correct Hams’s guideline scoresheet to score the 1967 second-degree murder conviction as a first-degree felony punishable by life. Harris need not be present.
It is so ordered.
GRIMES, C.J., and OVERTON and HARDING, JJ., concur.
ANSTEAD, J., concurs in part and dissents in part with an opinion, in which SHAW and KOGAN, JJ., concur.

. See § 782.04, Fla.Stat. (1966). Felonies were first classified by degrees in Florida beginning on January 1, 1972. See Ch. 71-136, Laws of Fla.

. See Fla.R.Crim.P. 3.701(d)(5)(a)(2) (1990). Today, that section is numbered 3.701(d)(5)(B) and states: "When scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida statute.”

. The rule defines "prior record” as "all prior Florida, federal, out-of-state, military, and foreign convictions, as well as convictions for violation of municipal or county ordinances that bring within the municipal or county code the violation of a state statute or statutes.”

.This situation is distinguishable from one in which the trial court scores a prior conviction where that conviction was classified by degrees at the time of the conviction but the degree was subsequently amended. See, e.g., Johnson v. State, 476 So.2d 786 (Fla. 1st DCA 1985) (finding that the classification in effect at^the time of the prior convictions should control any later scoring of those convictions).