DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VICTOR LAWRENCE PERDUE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1055

[January 5, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Charles A. Schwab, Judge; L.T. Case No. 2018CF002207A.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Victor Perdue appeals his conviction and sentence for failing to report in person to the sheriff's office every 30 days after establishing a transient residence, in violation of section 943.0435(4)(b)2., Florida Statutes (2018). Perdue raises numerous claims on appeal, but we find only two have merit: (1) his prior conviction was improperly scored as a level 7 offense, and (2) investigation costs were improperly assessed.

After Perdue appealed his conviction and sentence, he moved to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court did not rule on the motion within 60 days; thus, it was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B). Perdue's scoresheet included a prior conviction for an offense involving lewd conduct. The record does not reveal the subsection of the statute under which Perdue was convicted. The conviction was classified as a level 7 offense and assigned 14 points, pursuant to the offense severity ranking chart, section 921.0022, Florida Statutes (2018).

Perdue argues the version of the statute for which he was convicted and the existing statute do not contain the same elements and thus his prior conviction should not have been classified based on the existing statute. We agree with Perdue. *See Harris v. State*, 674 So. 2d 110, 112-13 (Fla. 1996) (holding that a second-degree murder committed in 1966, before Florida classified felonies by degree, should have been scored "by reference to the analogous or parallel Florida statute," and that "[i]n determining the analogous or parallel Florida statute . . . prior convictions should be scored by reference to the elements of the prior conviction"); *Dautel v. State*, 658 So. 2d 88, 91 (Fla. 1995) (holding that an out-of-state prior conviction for gross sexual imposition should not have been scored as a lewd and lascivious assault on a child, where the lewd and lascivious assault on a child offense contained an element not contained in the offense of gross sexual imposition). Although *Harris* and *Dautel* are factually distinguishable and involve sentencing under the sentencing guidelines rather than the Criminal Punishment Code, we see no reason not to extend their holdings to the circumstances of Perdue's case.

The parties dispute how the prior conviction should be scored. Thus, we remand for the trial court to resolve the dispute. *See* Fla. R. Crim. P. 3.704(d)(14)(D) ("Any uncertainty in the scoring of the offender's prior record must be resolved in favor of the offender and disagreement as to the propriety of scoring specific entries in the prior record must be resolved by the sentencing judge.").

With respect to Perdue's claim that investigative costs were improperly assessed, the state properly concedes error. *See Bartolone v. State*, 327 So. 3d 331 (Fla. 4th DCA 2021) (reversing and remanding for trial court to strike investigative costs where state did not request imposition of such costs).

*Affirmed in part, reversed in part, and remanded for resentencing.*

GROSS, DAMOORGIAN and CIKLIN, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

2